UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

VERNON SMITH,

    Plaintiff,

                                Case No. 08-14117
v                                  Hon. Patrick Duggan

MICHIGAN TUBE SWAGERS
& FABRICATORS, INC., d/b/a
MTS SEATING,

    Defendant.

| Nicholas Roumel (P37056) | Lawrence J. DeBrincat (P43338) |
| --- | --- |
| Carrie Harp (P70401) | DeBrincat and Padgett |
| Attorneys for Plaintiff | Attorney for Defendant |
| 117 N. First Street, Suite 111 | 34705 W. Twelve Mile Road, Suite 311 |
| Ann Arbor, MI 48104 | Farmington Hills, MI 48331 |
| (734) 645-7507 | (248) 848-7878 |

**STIPULATION AND PROTECTIVE ORDER**

    To expedite the flow of discovery in this proceeding in a manner consistent with the need to protect the confidentiality of certain elements of that discovery, counsel for Vernon Smith ("Plaintiff") and Michigan Tube Swagers & Fabricators, Inc. ("Defendant") stipulate and agree as follows:

1.    For purposes of this agreement, documents (as that term is defined in FRCP 34) and information that Michigan Tube Swagers & Fabricators, Inc. is producing to the parties to this action will be used only in this action and for no other purpose, except by Michigan Tube Swagers & Fabricators, Inc. for its customary business purposes. Any documents, records or information for which Michigan Tube Swagers & Fabricators, Inc. seeks additional protection will be stamped or separately segregated and marked "Confidential" and will be treated as confidential documents. Such designation will make the documents and all copies, prints, summaries, excerpts, or other reproductions of such documents subject to this order.

2. The contents of Michigan Tube Swagers & Fabricators, Inc. confidential documents will not, without leave of the court, be communicated in any way to anyone other than (1) this court; (2) counsel for the parties in this action and their paralegal and clerical assistants who have a clear need for these documents in connection with these actions; (3) non-attorney persons retained by a party or outside counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action, provided such persons have, before disclosure, signed an affidavit attesting that they have read this stipulation and protective order and agree to be bound by its terms; (4) deponents, according to the terms of paragraph 3, below; and (5) the parties and/or their employees, to the extent that involvement with this action is part of their job duties. With the exception of court personnel, persons permitted to review confidential documents under this order will, before obtaining access to such documents or information, be shown a copy of this stipulation and agree in writing to be bound by its terms by signing a copy of this stipulation. Counsel for the party wishing to disclose such material must retain the signed stipulation, hold it in escrow, and produce it to opposing counsel on request. Each party to this action, its employees, and its counsel will be advised of and be bound by the terms of this stipulation.

3. Attendance at depositions taken in this action at which confidential documents or any information contained in those documents is identified, discussed, or disclosed will be limited to the deposition notary or court reporter, the witness, counsel for the witness, counsel for the parties, agents for counsel of the parties, and any representatives of the parties who have agreed in writing to be bound by the terms of this stipulation. If any such Michigan Tube Swagers & Fabricators, Inc. confidential documents are to be used during the deposition in this action of any person who is not a Michigan Tube Swagers & Fabricators, Inc. officer or employee, the deponent will be required to acknowledge on the record that he or she is aware of and agrees to be bound by the terms of this stipulation. That portion of the deposition transcript concerning any such Michigan Tube Swagers & Fabricators, Inc. confidential document subject to this paragraph will not be disclosed to any person except as provided in this stipulation and will be bound separately by the court reporter and labeled "Confidential." The parties further agree that this stipulation and order will apply, as it applies to documents, to all testimony (including depositions) relating to Michigan Tube Swagers & Fabricators, Inc. confidential documents and transcriptions of the testimony given in this case.

4. Any party to this action may request, and Michigan Tube Swagers & Fabricators, Inc. may agree, that the provisions of this stipulation be waived for one or more of the confidential documents. Any such waiver must be in writing, must be signed by Michigan Tube Swagers & Fabricators, Inc.'s counsel, and must be limited to the particular document(s) specifically identified in such written waiver.

5. The parties to this action may challenge the propriety of the designation by Michigan Tube Swagers & Fabricators, Inc. of specific material as confidential by serving a written objection on Michigan Tube Swagers & Fabricators, Inc.'s counsel, specifying the particular document(s) about which the objection is made and the grounds for the objection. The parties must promptly attempt to resolve any challenge in good faith informally. If the challenge is not resolved informally, then, after Michigan Tube Swagers & Fabricators, Inc.'s counsel's receipt of the written objection, either party may, on reasonable notice, move for appropriate ruling(s) from the court. The document(s) in issue must be treated as confidential and subject to the restrictions of this stipulation and order unless and until the court orders otherwise.

6. This stipulation and order is intended solely to facilitate the preparation and trial of the action and must not be construed in any way as an admission or agreement by any party that the designated disclosure actually constitutes or contains any privileged, confidential, or proprietary information under applicable law. Moreover, the parties recognize that there may be information sought in discovery of a highly confidential nature and that such information should not be subject to discovery, should be discoverable only at a later phase of the litigation, or should be subject to discovery only with greater restrictions than contained in this stipulation and order.

7. Confidentiality of the records shall continue beyond the closure of this case. This stipulation and order, insofar as it restricts the communication and use of Michigan Tube Swagers & Fabricators, Inc.'s confidential documents, must continue to be binding throughout and after the conclusion of this action, including all appeals. At the conclusion of this action, including all appeals, upon written request from Michigan Tube Swagers & Fabricators, Inc. or their attorneys, all Michigan Tube Swagers & Fabricators, Inc.'s confidential documents, including copies, must promptly be returned to Michigan Tube Swagers & Fabricators, Inc. To the extent such confidential documents then contain the work product of attorneys for Vernon Smith, such confidential documents must be returned to Michigan Tube Swagers & Fabricators, Inc., but any such attorney work product may be redacted from the documents.

8. Nothing in this stipulation and protective order must be construed to preclude Michigan Tube Swagers & Fabricators, Inc. from seeking additional protection of confidential materials or from otherwise seeking a modification of this stipulation and protective order.

9. If any party to this action receives a subpoena or other formal demand from any source, whether related to another cause of action, proceeding, investigation, or otherwise for the production or disclosure of any Michigan Tube Swagers & Fabricators, Inc.'s confidential documents that are in that party's possession or control, that party must provide to

    Michigan Tube Swagers & Fabricators, Inc. counsel written notice of that subpoena or demand at least 14 days before the party's required response to the subpoena or demand and that party must not interfere with any action that Michigan Tube Swagers & Fabricators, Inc. may elect to take to protect the confidentiality of the confidential documents. If, however, a response by a party to this action to such a subpoena or demand is required in less than 14 days, that party must provide Michigan Tube Swagers & Fabricators, Inc. with immediate notice in writing by fax and by telephone, to provide Michigan Tube Swagers & Fabricators, Inc. with as much time as possible to take action to protect the confidentiality of the confidential documents and that party must not interfere with any action Michigan Tube Swagers & Fabricators, Inc. may elect to take to protect the confidentiality of the confidential documents.

10. Michigan Tube Swagers & Fabricators, Inc. may notify counsel for Vernon Smith that materials that should have been designated as confidential under this order were inadvertently produced without the confidential designation. On receiving such notice, Vernon Smith will (1) immediately treat the material as if it had been so designated; (2) place the appropriate designation on the material within two working days of receipt of such notice; and (3) provide Michigan Tube Swagers & Fabricators, Inc. with a list of all persons who are known to have seen, had access to, or learned the contents of such material, except for persons designated in paragraph 2 of this stipulation and protective order.

11. Subject to the rules of evidence, confidential documents may be offered in evidence at trial, provided that the proponent of the evidence gives five days' notice (or such shorter period as is reasonable under the circumstances) to counsel for the party or other person who designated the material as confidential. As a result of such notice, any party may move the court for an order that the documents be examined only in camera or under other conditions that prevent unnecessary disclosure. On examination, the court must determine what protection, if any, may be afforded the material at trial.

12. This stipulation and protective order will become effective on its execution by the undersigned counsel for the parties notwithstanding the date the court enters the stipulation and protective order.

  IT IS SO ORDERED

        <u>s/Patrick J. Duggan</u>
        Patrick J. Duggan
        United States District Judge
Dated: September 2, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 2, 2009, by electronic and/or ordinary mail.

          s/Marilyn Orem
          Case Manager

AGREED TO BY:

By: /s/ Nicholas Roumel         Dated: August 31, 2009

Nicholas Roumel (P37056)
Attorney for Plaintiff

By: /s/ Lawrence J. DeBrincat         Dated: August 31, 2009

Lawrence J. DeBrincat
(P43338)
Attorney for Defendant

5